UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COLLABORATION BETTERS THE
WORLD, INC., a Canadian
Corporation,

      Plaintiff,

v.                 Case No: 2:23-cv-131-JES-KCD

THE HERTZ CORPORATION, a
Delaware Corporation,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss for Failure to State a Claim (Doc. #13) filed on April 24, 2023. Plaintiff filed a Response in Opposition to Motion (Doc. #23) on May 25, 2023. For the reasons set forth below, the motion is granted without prejudice.

### I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

**II.**

Plaintiff Collaboration Betters The World, Inc., formerly Versett, brought this action against The Hertz Corporation over an alleged wrongful termination of a two-year Master Consulting Agreement (MCA) and subsequent refusal to pay Versett $2 million for work performed under the agreement.  (Doc. #4, ¶¶ 1-3.)  Hertz and Versett entered into a Consulting Agreement that was later referred to as the MCA.  (Id. at ¶ 9.)  The MCA called for defendant to perform services set forth in a Statement of Work (SOW) or other agreement.  (Id. at ¶ 12.)

The first SOW (SOW1) was entered into around the same time as the MCA for a project titled the Mobile Ecosystem Review, effective September 13, 2021 and specifically incorporated the MCA.  (Id. at ¶¶ 17-18.)  "For SOW1, Hertz engaged Versett to review the experience of Hertz's then-current native iOS and Android mobile applications across Hertz's entire family of companies."  (Id. at

¶ 19.)  On December 14, 2021, Versett submitted an invoice to Hertz for $250,000, which was paid.  Versett fully performed its obligations under the SOW1.  (Id. at ¶¶ 26-27.)

On December 20, 2021, the parties entered into a Statement of Work Number 2: Design (SOW2) for performance commencing January 1, 2022.  (Id. at ¶¶ 28-29.)  Under the SOW2, "Versett functioned 'as the strategic design and software engineering partner within the Hertz Product Team, leading the product design and implementation process for the Hertz Car Rental Apps on iOS and Android platforms.'"  (Id. at ¶ 30.)  The SOW2 was a project time and material-based contract rather than a flat rate.  (Id. at ¶ 31.)  Versett fully performed its obligations under the SOW2.  (Id. at ¶ 39.)  Versett encountered challenges during the SOW2 phase, but by February 28, 2022, the roadmap was in place.  (Id. at ¶ 42.)

On April 1, 2022, without notice in violation of the MCA, Hertz terminated Versett.  On April 4, 2022, Versett stopped all work at Hertz's demand.  (Id. at ¶¶ 55, 58.)  On January 31, 2022, Versett had submitted an invoice for work performed in January, as well as work performed in December 2021.  Hertz never paid.  (Id. at ¶ 59.)  Versett submitted additional invoices in March and April, for a total outstanding balance of $2,169,932.04, with a credit of $250,000.  (Id. at ¶¶ 60-63.)  On April 26, 2022, Hertz

indicated that it would pay a reduced amount due to a "Low Quality Factor". (Id. at ¶ 65.)

Count I alleges a breach of contract regarding the failure to pay invoices. "Versett and Hertz had a valid and enforceable contract, with its terms set forth by the MCA, subsequent SOWs, specifically SOW1 and SOW2, as well as subsequent written and verbal modifications by the parties later ratified in writing and by conduct." (Doc. #4, ¶ 72.) Count II also alleges a breach of the MCA for wrongful termination without any notice. Count III, the subject of the motion to dismiss, alleges unjust enrichment in the alternative but also incorporates paragraphs 1-70.

### III.

Defendant argues that Count III for unjust enrichment cannot stand, even in the alternative, when valid written contracts are alleged in the other counts and Count III is based on the same factual premise. "Versett cannot plead an unjust enrichment claim in the alternative because there is a valid, enforceable contract governing its relationship with Hertz – a fact that neither party disputes." (Doc. #13, ¶ 11.)

Defendant cites to two unpublished Eleventh Circuit decisions in support of the position that Florida law does not allow parties to plead unjust enrichment in the alternative. In the first case, the Eleventh Circuit affirmed the dismissal of an unjust enrichment

claim partly because of the existence of a valid and express contract and because it did not find the alleged gross misrepresentation. <u>Arencibia v. AGA Serv. Co.</u>, No. 21-11567, 2022 WL 1499693, at *2 (11th Cir. May 12, 2022).  In the second case, defendant cites to the statement by a party that unjust enrichment is unavailable in Florida where a valid and binding contract is present.  <u>Star2Star Commc'ns, LLC v. AMG Grp. of Brunswick, LLC</u>, No. 21-13698, 2022 WL 1157776, at *3 (11th Cir. Apr. 19, 2022). Neither of these decisions contradict the consistent rulings by Florida courts that unjust enrichment may be pled in the alternative assuming there is no valid contract.

> To establish unjust enrichment under Florida law, a plaintiff must prove that "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff." <u>Duty Free World, Inc. v. Miami Perfume Junction, Inc.</u>, 253 So. 3d 689, 693 (Fla. 3d DCA 2018).

> Although it is well established that an unjust enrichment claim cannot be maintained when there is an express contract with a legal remedy, <u>see, e.g.</u>, <u>Alhassid v. Bank of Am., N.A.</u>, 60 F. Supp. 3d 1302, 1322 (S.D. Fla. 2014), it is equally clear that a plaintiff may assert a claim for unjust enrichment as an alternative to a contract claim. <u>Silver Crown Investments, LLC v. Team Real Estate Mgmt., LLC</u>, 349 F. Supp. 3d 1316 (S.D. Fla. 2018).

Rosado v. Barry Univ. Inc., 499 F. Supp. 3d 1152, 1159-60 (S.D. Fla. 2020). See also Gibson v. Lynn Univ., Inc., 504 F. Supp. 3d 1335, 1337 (S.D. Fla. 2020) ("Although a party may only recover under an unjust enrichment theory when there is no valid express or implied-in-fact contract, unjust enrichment and breach of contract may be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid." (citations omitted)). "Where parties dispute the existence of an underlying contract, dismissal of Plaintiff's unjust enrichment claim is premature. [] Even more important, courts consistently allow plaintiffs to allege alternative claims." Rhodes v. Embry-Riddle Aeronautical Univ., Inc., 513 F. Supp. 3d 1350, 1359 (M.D. Fla. 2021) (internal citation omitted). See also Salerno v. Fla. S. Coll., 488 F. Supp. 3d 1211, 1218 (M.D. Fla. 2020) ("Regardless of whether a contract exists, the College disputes the merits of the breach of contract claim.").

Although plaintiff can plead unjust enrichment in the alternative, that count incorporates all factual allegations regarding the existence of a valid contract as alleged in Counts I and II. "So, while plaintiffs may plead breach of contract and unjust enrichment in the alternative, see, e.g., Fed. R. Civ. P. 8(d)(2)-(3), they have not done so. Instead, plaintiffs pleaded a contractual relationship as part of their unjust enrichment claim,

and that contractual relationship defeats their unjust enrichment claim under Washington law." Marquez v. Amazon.com, Inc., No. 21-14317, 2023 WL 3859949, at *10 (11th Cir. June 7, 2023).  The motion to dismiss will be granted as to Count III without prejudice.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss for Failure to State a Claim (Doc. #13) is **GRANTED** without prejudice to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of June 2023.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record