```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

COLLABORATION BETTERS THE WORLD, INC., a Canadian Corporation,

       Plaintiff,

v.                               Case No:   2:23-cv-131-JES-KCD

THE HERTZ CORPORATION, a Delaware Corporation,

       Defendant.

_____

THE HERTZ CORPORATION, a Delaware Corporation,

       Counter-Plaintiff,

v.

COLLABORATION BETTERS THE WORLD, INC., a Canadian Corporation,

       Counter-Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of plaintiff's Motion to Dismiss Counterclaim (Doc. #24) filed on May 25, 2023. Plaintiff filed a Response in Opposition to Motion to Dismiss Counterclaim (Doc. #35) on June 26, 2023. For the reasons set forth below, the motion is denied.

I.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As previously noted by the undersigned in Pk Studios, Inc. v. R.L.R. Invs., LLC, No. 2:15-CV-389-FTM-99CM, 2016 WL 4529323, at *8 (M.D. Fla. Aug. 30, 2016):

> In evaluating a Rule 12(b)(6) motion seeking to dismiss a counterclaim for failing to comply with Rule 8(a), the Court must accept as true all factual allegations in the counterclaim complaint and "construe them in the light most favorable to the [counterclaim-]plaintiff." Baloco ex rel. Tapia v. Drummond Co., 640 F.3d 1338, 1345 (11th Cir. 2011). However, mere "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

By extension, "[a] motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." Sticky Holsters, Inc. v. Ace Case Mfg., LLC, No. 2:15-CV-648-FTM-29CM, 2016 WL 1436602, at *6 (M.D. Fla. Apr. 12, 2016) (quoting Geter v. Galardi S. Enters., Inc., 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014)). Thus, to avoid dismissal under Rule 12(b)(6), each counterclaim must contain sufficient factual allegations to "raise a right to

relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To do so requires "enough facts to state a claim to relief that is plausible on its face." Id. at 570. This plausibility pleading obligation demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) ("Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." (citation omitted)).

**II.**

The allegations in the Counterclaim set forth the following facts: After a technology audit of The Hertz Corporation (Hertz) native mobile applications by Collaboration Betters the Word, Inc. f/k/a Versett, Inc. (Versett) in 2021, Hertz hired Versett to implement their recommendations, anticipating timely completion and a ready-to-implement software code. On or around September 12, 2021, Hertz and Versett entered into a Master Consulting Agreement, a Statement of Work (SOW1) for an 8-week audit with recommendations, and a second Statement of Work (SOW2) to memorialize the relationship with a dedicated project team to complete the services and deliverables by February 28, 2022. The

contract was a project team time and material-based contract. Versett estimated the fees would be $1,093,600.00 and the parties agreed that the total would not exceed this amount without the permission of Hertz.

Hertz asserts that Versett's performance was a disaster and Hertz had to rewrite 80% of the code. According to Hertz, Versett's promises of technical expertise and specialized staffing were false, and by mid-February 2022, Versett had missed milestones placing the project at risk. Among the issues were new engineers located in Vietnam, requiring more active supervision by senior project leaders than Hertz had contemplated. Hertz communicated concerns to Versett's CEO, and the teams met in person to discuss moving forward. Hertz asked Versett to remove the new and ineffective engineers and cautioned that if the project missed its first release deadline of March 21, 2022, Hertz would have to call in alternative or replacement project resources.

Ultimately, the Hertz Digital Product Team had to ask other Hertz employees to step in and remedy the sub-standard work, diverting resources and resulting in Hertz's own developers resigning. In the end, approximately 80% of the SOW2 code was unusable, requiring Hertz to pay $3 million to other vendors and a 6-month delay in the production release of mobile applications. No design or code from Versett is being used in production today.

4

On April 1, 2022, Hertz terminated the Master Consulting Agreement and SOW2 due to the contractual breaches.

Versett filed a Complaint seeking payment in full of its invoices for project-related invoices for January, February, and March 2022, for a total of more than $2 million. In response, Hertz filed a two-count Counterclaim (Doc. #11) against Versett seeking a declaration of rights under Florida law, Fla. Stat. § 86.011 (Count I) and damages for breach of contract (Count II) resulting from Versett's alleged failure to perform under the contract, and failing to deliver a workable code, correct test results, and adequate QA support.

### III.

The Court will first address the breach of contract claim in Count II, then the declaratory judgment claim in Count I.

**A. Breach of Contract**

Versett argues that Hertz fails to state a claim upon which relief may be granted. "The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999) (citing Abruzzo v. Haller, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)).

Versett argues that the claim is insufficient because it fails to point out the provision in the contract documents requiring delivery of workable code, providing 'correct test results and

5

adequate QA support,' or adding qualified members on demand; "fails to identify any provision containing a promise to make certain non-specified 'adjustments' in response to Hertz's own concerns regarding its difficulties working with a team in a different time zone;" and misconstrues Versett's obligations under the executed version of SOW2.

In Count II of the Counterclaim, Hertz alleges that the Master Consulting Agreement, SOW1, and SOW2 are valid, enforceable, and binding contracts.  (Doc. #11, p. 42, ¶ 44.)  Hertz alleges that Versett materially breached the contracts by failing to deliver a workable quality of code, failing to provide correct test results and adequate QA support, and by otherwise compromising schedules and deliverables through the refusal to add qualified engineers to the project team.  As a result of these breaches, Hertz suffered damages.  (Id. at ¶¶ 46-47.)  Hertz argues that its allegations are more than sufficient to provide notice of its claim.

After review of the contract documents, the Court agrees with Hertz.  The Court finds Hertz has sufficiently pled a plausible breach of contract claim which provides proper notice of the claim to Versett.  This portion of the motion is therefore denied.

**B. Florida Declaratory Judgment**

Florida Statute Section 86.011 provides a procedural remedy, not an independent cause of action.  Bailey v. Rocky Mountain Holdings, LLC, 889 F.3d 1259, 1265 n.6 (11th Cir. 2018).  As a

6

federal court sitting in diversity, the forum state's substantive law is applied along with federal procedural law. Horowitch v. Diamond Aircraft Indus., Inc., 645 F.3d 1254, 1257 (11th Cir. 2011), certified question answered, 107 So. 3d 362 (Fla. 2013) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Burger King Corp. v. E-Z Eating, 41 Corp., 572 F.3d 1306, 1313 n.9 (11th Cir. 2009)). "Because the Florida Declaratory Judgment Act is procedural as opposed to substantive", a claim for declaratory relief would be "brought under 28 U.S.C. § 2201 exclusively." Coccaro v. Geico Gen. Ins. Co., 648 F. App'x 876, 881 (11th Cir. 2016).

In Count I of the Counterclaim, Hertz alleges an actual controversy between the parties, i.e., Versett claims entitlement to full payment under SOW2, and Hertz disputes this and contends that it is entitled to a setoff. Hertz seeks a declaration that Versett materially breached the contracts, failed to comply with its contractual promises excusing Hertz's payment performance, is not entitled to payment in full on the January, February, and March 2022 invoices, and is entitled to offset the amounts due. (Doc. #11, pp. 41-42, ¶¶ 40-42.)

"The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides in relevant part that in 'a case of actual controversy ... any court of the United States ... may declare the rights and legal relations of any interested party seeking such declaration.' As

the permissive text suggests, a district court has discretion in deciding whether to entertain an action under the Act." Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc, 12 F.4th 1278, 1281 (11th Cir. 2021) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 282–83 (1995)).

> While "some courts dismiss claims for declaratory relief where the plaintiff alleges a parallel breach of contract claim," others "allow the declaratory claim to travel with the breach of contract claim." [Loc. Union No. 808 Iron Workers Pension & Annuity Fund v. Fid. & Deposit Co. of Maryland, No. 6:13-CV-1213-ORL-22KRS, 2013 WL 12155443, at *3 (M.D. Fla. Dec. 24, 2013)] (citing Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Solutions, Inc., 744 F. Supp. 2d 1305, 1310 (S.D. Fla. 2010)). Additionally, even assuming Plaintiff's declaratory judgment claims are redundant of the breach of contract claims, a motion to dismiss "tests a claim's plausibility – not redundancy." Massey Constr. Grp., Inc. v. Hartford Ins. Co. of the Midwest, No. 2:19-CV-708-SPC-NPM, 2019 WL 5863897, at *2 (M.D. Fla. Nov. 8, 2019) (citing Michael v. Wal-mart Stores E., LP, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct 30, 2014) (stating a redundant claim should not be dismissed under Rule 12(b)(6) if it is valid). Further, the "federal Declaratory Judgment Act and Rule 57 allow for a declaratory judgment even if there is another adequate remedy." Id. (citing Blitz Telecom Consulting, LLC v. Peerless Network, Inc., 151 F. Supp. 3d 1294, 1303 (M.D. Fla. 2015). See Banks v. USAA Casualty Insurance Company, No. 5:19-CV-189-OC-30PRL, 2019 WL 5265356, at *1 (M.D. Fla. May 10, 2019) (holding that the duplicative nature of the declaratory judgment and breach of contract claims did not, alone, warrant dismissal because Rule 8(d) allows pleading in the alternative).

> The Court finds that redundancy is not grounds for dismissal under Rule 12(b)(6) for failure to state a claim. Upon review, the Court need not conclude whether or not the declaratory judgment claims are subsumed by the breach of contract claims because the Court is persuaded to not dismiss the claim. In reaching this conclusion, the Court notes that there is no additional burden to Defendant in defending all claims. Since the breach of contract claim will proceed, discovery will occur in this case. If the declaratory judgment claim is subsumed by the breach of contract claim, there will be no additional discovery burdens as a result of the presence of the other claim. Further, this issue may be better addressed at the summary judgment stage, after discovery is completed. Thus, at this stage of the litigation, Plaintiff has plausibly alleged a declaratory judgment claim. <u>Local Union No. 808</u>, 2013 WL 12155443 at *3.

<u>Tiro Beachwear Inc. v. Foremost Ins. Co.</u>, No. 6:20-CV-425-ORL-22DCI, 2020 WL 5983830, at *3 (M.D. Fla. Apr. 8, 2020). The Court agrees with <u>Tiro</u>. The motion to dismiss will be denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss for Failure to State a Claim (Doc. #24) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>  24th  </u> day of July 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record